GEORGE JACKSON SLOVER, Plaintiff-Appellant, v. ROBERT BROWN, d/b/a Brown Trucking, Defendant-Appellee.

Fifth District   No. 5—85—0265

Opinion filed January 30, 1986.

Robert L. Douglas and Fred W. Johnson, both of Law Offices of Robert L. Douglas, Ltd., of Robinson, for appellant.

Jeffrey E. Fleming, of Olney, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Plaintiff, George Jackson Slover, filed a second amended complaint which alleged that defendant fired plaintiff because plaintiff filed a claim pursuant to the Workers' Compensation Act. Two counts

of the complaint were directed to Robert Brown, as an individual, and two counts were directed against R. S. Brown Trucking. After a trial by the circuit court of Richland County sitting without a jury, judgment was entered for defendant, Robert Brown. The court found that R. S. Brown Trucking was never made a party to the suit. Plaintiff appeals.

Robert Brown, who currently owns a used car lot, testified that he previously owned a nonunion trucking firm which had one customer, Prairie Farms Dairy, and approximately 15 employees. All employees were employed "at will." Plaintiff, who was making $350 per week, was injured on May 1, 1979, and filed a workers' compensation claim. Brown had to hire another truck driver in 1979, Oscar Sours, to fill plaintiff's place; however, Sours was told he would be laid off if plaintiff returned to work. During the middle of 1979, defendant decided to sell his business, which he incorporated in January 1981, on the advice of counsel in order to facilitate the sale. Sours was laid off in August 1979 because of a decline in business and rehired in September 1980 to work a new route. Defendant met with plaintiff in 1981 and told plaintiff that in order to employ him another driver with whom defendant was satisfied would have to be laid off. Brown had kept plaintiff's position open for over a year after the injury, and paid for his hospitalization insurance. In October 1981, Brown entered into a contract for the sale of his business. Defendant denied he discouraged workers' compensation claims.

Plaintiff testified that he had worked for approximately 13 years when he was injured when another truck driver ran into the rear of defendant's truck while he was driving. A disc was removed from plaintiff's back. Plaintiff was off work for two years and received a workers' compensation settlement which he repaid when he settled with the third party. On the Saturday after the doctor released plaintiff for work, plaintiff informed defendant that he would be available for work on Monday. Defendant asked if plaintiff collected workers' compensation and plaintiff responded that he had. Defendant stated, "I can't use you." Another driver walked in and plaintiff asked, "Is that it?" Defendant responded, "That's it."

Oscar Sours testified that when he was hired in May 1979, defendant stated that Sours might be laid off if plaintiff came back to work. After being laid off, defendant rehired Sours, who was employed for the summer of 1980 until defendant incorporated his business in January 1981.

Wayne Williams testified that while working for defendant, he suffered a job-related hernia. Defendant advised him to go to the insur-

ance company, file a workers' compensation claim, and get what was coming to him. Williams did not hire an attorney, received a settlement, and was satisfied with his settlement.

Kenneth Patterson testified that he broke his ankle while working for defendant and that he was off work for 10 months. Defendant employed him after his injury and encouraged him to file a compensation claim.

Frank Hawk testified that he was injured while working for defendant, who did not discourage him from filing a claim.

The court framed the issue as follows: "How far must an employer go to furnish a job to an employee who has collected under Workers' Compensation Act of Illinois in order to avoid being sued for retaliatory discharge." After reciting the evidence, the court concluded that it could not find that defendant discharged plaintiff or failed to rehire him in retaliation for filing a compensation claim.

■ At oral argument, plaintiff would appear to abandon the claim that he was discharged because he filed a compensation claim. He states the issue to be whether an employer has a duty to rehire an injured employee who has been unable to work for a lengthy period of time, here 22 months, and admits that he is asking the court to make a new right for injured employees not heretofore encompassed within the law of retaliatory discharge. The trial court found as a fact that defendant did not discharge plaintiff in retaliation for filing a compensation claim, and this finding is clearly supported by the evidence.

With *Kelsey v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, Illinois joined the growing number of States recognizing the tort of retaliatory discharge. The tort is an exception to the general rule that "at-will" employment is terminable at any time for any or no cause. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 128, 421 N.E.2d 876, 878.) In *Kelsey,* the supreme court held that an employee had a civil tort cause of action against an employer when she was discharged because she filed a claim for injury under the Workmen's Compensation Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*). In *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 473 N.E.2d 1280, our supreme court recognized that Illinois has a strong public policy to insure the protection of workers covered by the Act and held that an employee who was working under union contract has an additional remedy in the tort of retaliatory discharge.

■■ It has been held that the elements of retaliatory discharge are as follows: (1) plaintiff's status as an employee of defendant before injury; (2) plaintiff's exercise of a right granted by the Act; (3) employee's discharge causally related to the filing of a claim under

the Act. Causality does not exist if the basis for discharge is valid and nonpretextual. (*Hansome v. Northwestern Cooperage Co.* (Mo. 1984), 679 S.W.2d 273 (*en banc*).) Thus, an employer may fire an employee for excessive absenteeism, even if the absenteeism is caused by a compensable injury. (*Clifford v. Cactus Drilling Corp.* (1984), 419 Mich. 356, 353 N.W.2d 469.) In this case, the court specifically found that defendant had not discriminated against plaintiff because he filed a claim under the Act; that finding is well-supported by the record.

We decline to extend an employee's rights, as requested, to an area well beyond that existing under the present decisions of our supreme court.

The judgment of the circuit court of Richland County is affirmed.

Affirmed.

HARRISON and WELCH, JJ., concur.