**Angela ANDERSON, Plaintiff–Appellant,**

v.

**STANDARD REGISTER COMPANY,
Defendant–Appellee.**

Supreme Court of Tennessee,
at Nashville.

June 28, 1993.

Royce Taylor, Murfreesboro, for plaintiff-appellant.

William Ozier, Nashville, for defendant-appellee.

*OPINION*

REID, Chief Justice.

The issue presented for review in this retaliatory discharge case is whether an employer may discharge an employee pursuant to a facially neutral absence control policy for absence caused by a work-related injury. The judgment of the trial court and Court of Appeals granting summary judgment for the employer is affirmed.

Prior to the date on which plaintiff sustained a work related injury, the defendant

established and followed consistently a policy whereby it terminated the employment of any employee who was absent from work for more than 26 weeks without regard for the cause of the absence.

Ms. Anderson had been employed by the defendant for approximately 10 years when she sustained a work-related injury to her right shoulder on March 26, 1988. Because of lifting restrictions imposed by her physician, she was not able to perform her job or any other work available at defendant's plant. On April 24, 1989, approximately 13 months after the date of her injury, Ms. Anderson was discharged because she was "medically unable to perform her job duties." At that time, her physician had not released her to work without lifting restrictions. The plaintiff testified that in her opinion her employment was terminated because "I'd been out so long and there's other people that have to take my place. You have to be trained on these jobs. And I just felt like that they didn't have the time to wait."

On June 27, 1989, approximately two months after her employment had been terminated, Ms. Anderson was released to work without lifting restrictions, but with a 13 percent anatomical impairment to the right upper extremity. She received temporary total disability benefits until July 10, 1989. Subsequently, she filed a suit for permanent partial disability benefits under the workers' compensation law.

This present suit, alleging that she was discharged because she asserted a workers' compensation claim, was filed on March 6, 1990. The court granted the employer a summary judgment, finding there was "no direct evidence that the Plaintiff was terminated because of the fact that she had made a claim for workers' compensation" and further finding that "the Plaintiff was terminated pursuant to a neutral policy of the Defendant to terminate employees who have been absent for an extended period of time, regardless of the reason."

The Court of Appeals found the employer was entitled to judgment, as a matter of law, for two reasons:

First, at-will employees discharged pursuant to a reasonable, facially neutral absence control policy have no retaliatory discharge claim against their employer. Second, even if they did, Standard has produced evidence, uncontradicted by Ms. Anderson, demonstrating that Ms. Anderson would be unable to establish a causal connection between her workers' compensation claim and her discharge if this case were to go to trial.

■ The cause of action for retaliatory discharge defines the balance point between the employment-at-will doctrine and rights granted employees under well-defined public policy. By statute, an employer cannot discharge employees because of their race, religion, sex, age, physical condition or mental condition (T.C.A. §§ 4–21–401(a)(1) (1991), 8–50–103(a) (Supp.1992)), because they report work place safety violations (T.C.A. § 50–3–106(7) (1991)), because they miss work to perform jury duty (T.C.A. § 22–4–108(f) (Supp.1992)), or because they refuse to participate in or be silent about illegal activity at the work place (T.C.A. § 50–1–304 (1991)). In addition to the protection afforded by statutes, the Court in *Chism v. Mid–South Milling Co., Inc.*, 762 S.W.2d 552, 556 (Tenn.1988), suggested several examples of clearly defined public policies which could warrant the protection provided by an action for retaliatory discharge.

This Court, in *Clanton v. Cain–Sloan Co.*, 677 S.W.2d 441 (Tenn.1984), found the right to assert a claim for workers' compensation benefits was protected. In that case the Court stated:

In our opinion, a cause of action for retaliatory discharge, although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature. A statute need not expressly state what is necessarily implied in order to render it effectual.

*Id.* at 445 (citations omitted). The Court found that T.C.A. § 50–6–114 evidences a clear public policy that employees should be protected from having their employment

terminated for asserting a workers' compensation claim. In *Clanton*, the plaintiff, who had received a full settlement for injuries sustained in the course and scope of her employment, was discharged the day after the settlement was approved, in retaliation for asserting a claim for workers' compensation benefits. The court relied on the history and purpose of the workers' compensation laws to conclude that retaliatory "discharges will have the effect of relieving the employer of its duty to compensate and the employee of his or her right to compensation." *Id.* at 444–45. The court found that "retaliatory discharge constitutes a device under § 50–6–144." *Id.* at 445. T.C.A. § 50–6–114 provides:

> No contract or agreement, written or implied, or rule, regulation, or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this chapter except as herein provided.

The issue before this court is whether the absence control policy implemented by the employer constitutes a "rule, regulation or other device" that operates to relieve the employer of its obligations under the workers' compensation law, and, thereby, allows a cause of action to the plaintiff and others discharged pursuant to that policy.

> The plaintiff's position is that:
> To allow an employer to maintain a policy of firing employees, when they are absent as a result of work-related injuries and are not allowed to return to work until released by the doctor, sends a strong signal to employees not to seek medical attention even when there is [a] serious medical problem.

She insists that any plan or policy whereby an employer may discharge an employee who has sustained a work-related injury prior to the time the employee reaches maximum recovery will have a "chilling" effect on the assertion of workers' compensation benefits and should be found to violate T.C.A. § 50–6–114. She relies upon *Coleman v. Safeway Stores, Inc.*, 242 Kan. 804, 752 P.2d 645, 652 (1988), wherein the Kansas court stated:

In this case, it was undisputed that Safeway could have terminated Coleman's employment under the applicable attendance policy if she had accrued six infractions. The district court correctly decided that any absences caused by her work-related injury should not be counted against Coleman. Allowing an employer to discharge an employee for being absent or failing to call in an anticipated absence as the result of a work-related injury would allow an employer to indirectly fire an employee for filing a workers' compensation claim, a practice contrary to the public policy of this state ... Other jurisdictions have also recognized that it is a violation of public policy and workers' compensation law to discharge any employee for absences due to work-related injuries. *See e.g., Lo Dolce v. Regional Transit Service, Inc.*, 77 App.Div.2d 697, 429 N.Y.S.2d 505 (1980).

The case relied on in *Coleman, Lo Dolce v. Regional Transit Service, Inc.*, however, was overruled by *Duncan v. New York State Develop. Center*, 63 N.Y.2d 128, 481 N.Y.S.2d 22, 470 N.E.2d 820 (1984). In overruling the reasoning of *Lo Dolce*, the New York Court of Appeals stated in *Duncan*,

> Clearly, there must be a causal nexus between the employee's activities in obtaining compensation and the employer's conduct against the employee. Moreover, the very meaning of 'discrimination' requires that there be a distinction among groups. Thus, an employment practice that is applied evenhandedly to all employees represents a neutral policy that does not constitute discrimination, particularly if it is based on legitimate business concerns.

*Id.* at 822–23, 481 N.Y.S.2d at 24–25.

This Court has not precisely articulated the elements of the cause of action for retaliatory discharge. In *Chism* the Court stated:

> To be liable for retaliatory discharge in cases such as this, the employer must violate a clear public policy. Usually this policy will be evidenced by an unambiguous constitutional, statutory or regulato-

ry provision. Further, the violation must be a *substantial factor* in the termination of an at-will employee, agent or officer.

762 S.W.2d at 556 (emphasis added).

As stated by the Court of Appeals in this case, some courts require employees alleging that they have been discharged for seeking workers' compensation benefits to prove that their request for benefits was the "sole" or "exclusive" factor motivating their discharge. *Hansome v. Northwestern Cooperage Co.,* 679 S.W.2d 273, 275 (Mo.1984); *Frampton v. Central Ind. Gas Co.,* 260 Ind. 249, 297 N.E.2d 425, 428 (1973). Other courts have adopted the "determinative factor" test requiring employees to prove that they would not have been terminated "but for" the filing of their workers' compensation claim. *Wallace v. Milliken & Co.,* 305 S.C. 118, 406 S.E.2d 358, 360 (1991). Still others have adopted the even less burdensome "substantial factor" test requiring proof that filing the workers' compensation claim constituted an important or significant motivating factor for the discharge. *Buckner v. General Motors Corp.,* 760 P.2d 803, 810 (Okla.1988); *Goins v. Ford Motor Co.,* 131 Mich.App. 185, 347 N.W.2d 184, 190–91 (1983).

In *Johnson v. Saint Francis Hosp., Inc.,* 759 S.W.2d 925 (Tenn.App.1988), the Court of Appeals, after observing that no decision of this Court or the Court of Appeals had set forth the evidence required to establish a *prima facie* case of retaliatory discharge, relied upon a decision by the Missouri Supreme Court, in *Hansome v. Northwestern Cooperage Co.,* construing a Missouri statute prohibiting retaliatory discharge. The Missouri Supreme Court stated:

> The action authorized by this statute has four elements: (1) plaintiff's status as employee of defendant before injury, (2) plaintiff's exercise of a right granted by Chapter 287, (3) employer's discharge or discrimination against plaintiff, and (4) an exclusive causal relationship between plaintiff's actions and defendant's actions.

679 S.W.2d at 275. The Court of Appeals in *Johnson* also relied upon *Slover v. Brown,* 140 Ill.App.3d 618, 94 Ill.Dec. 856, 488 N.E.2d 1103 (1986), in which the court found the elements of retaliatory discharge to be:

> (1) plaintiff's status as an employee of defendant before injury; (2) plaintiff's exercise of a right granted by the Act; (3) employee's discharge causally related to the filing of a claim under the Act. Causality does not exist if the basis for discharge is valid and nonpretextual. Thus, an employer may fire an employee for excessive absenteeism, even if the absenteeism is caused by a compensable injury.

759 S.W.2d at 928 (quoting *Slover v. Brown,* 140 Ill.App.3d at 620–21, 94 Ill.Dec. 856, 488 N.E.2d 1103). The Court of Appeals then stated:

> Once an employee has met its burden of establishing a causal link between the discharge and the claim for workers compensation benefits, the employer must rebut the alleged discrimination by showing a legitimate reason for the discharge.

759 S.W.2d at 928.

█ Based on the principles stated in *Clanton v. Cain–Sloan Co., Chism v. Mid–South Milling Co., Inc.,* and *Johnson v. Saint Francis Hosp., Inc.,* the following elements are found to establish a cause of action for discharge in retaliation for asserting a workers' compensation claim: (1) The plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment.

█ The burden of proof rests, of course, upon the plaintiff to prove the elements of the cause of action, including a causal relationship between the claim for workers' compensation benefits and the termination of employment. Proof of discharge without evidence of a causal relationship between the claim for benefits and

the discharge does not present an issue for the jury. However, proof of a causal link between the claim for benefits and the employee's discharge imposes upon the employer the burden of showing a legitimate, non-pretextual reason for the employee's discharge. As stated in 2A A. Larson, *The Law of Workmen's Compensation*, § 68.-36(d), pp. 188–191 (1990):

> Once the employee has made a *prima facie* case of retaliation, the burden devolves upon the employer of proving a legitimate nonpretextual nonretaliatory reason for the discharge. The reason may involve the employee's own shortcomings, such as unexplained tardiness, excessive absenteeism, lying as to previous compensation claims, or physical inability to do the job....
>
> The legitimate nonpretextual reason may also be one not related to this particular employee, but stemming from general business conditions, particularly as evidenced by the fact that there were general layoffs involving, of course, other employees in no way involved in any retaliation.

In this case, the plaintiff presented no evidence that her assertion of a claim for workers' compensation benefits was a factor in causing her discharge. Indeed, the plaintiff acknowledges she has no evidence of a causal relationship. Her testimony was that her employment was terminated because "I'd been out so long ... they didn't have the time to wait."

The law in Tennessee is that, subject to the exceptions noted above, an employee at will may be discharged from her employment without cause; but, she cannot be discharged for asserting a claim for workers' compensation benefits.

This case is before the Court on defendant's motion for summary judgment. Rule 56.03 of the Tennessee Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law."

> [W]hen the facts material to the application of a rule of law are undisputed, the application is a matter of law for the court since there is nothing to submit to the jury to resolve in favor of one party or the other. In other words, when there is no dispute over the evidence establishing the facts that control the application of a rule of law, summary judgment is an appropriate means of deciding that issue.

*Byrd v. Hall*, 847 S.W.2d 208, 214–15 (Tenn.1993).

There is no evidence in the record of this case on which to submit the issue of causation to a trier of fact. Accordingly, the judgment for the employer is affirmed.

Costs on appeal are taxed against the appellant.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.