IN THE COURT OF APPEALS

FILED

March 4, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

BRIAN WEIFORD d/b/a ELITE CABLE ) CAMPBELL CIRCUIT
TELEVISION COMPANY,                            )  C. A.  NO.  03A01-9510-CV-00367
                                                          )
            Plaintiff-Appellant           )
                                                          )
                                                          )
                                                          )
                                                          )
                                                          )
vs.                                                   )  HON.  CONRAD TROUTMAN
                                                          )  JUDGE
                                                          )
                                                          )
                                                          )
                                                          )
FIELDS DEVELOPMENT CO., INC.,      )  AFFIRMED AND REMANDED
d/b/a DEERFIELD RESORT,               )
                                                          )
            Defendant-Appellee         )


ANDREW N. HALL, Wartburg, for Appellant.


JOSEPH C. COKER, Jacksboro, for Appellee.



O P I N I O N



McMurray, J.

This is an appeal from the judgment of the trial court granting the appellee's motion for summary judgment. We affirm the judgment of the trial court.

The appellant filed its complaint alleging that the parties entered into a cable television contract on December 17, 1991. Under the terms of the agreement, the appellant was granted authority to install, operate and maintain cable television services in Deerfield Resort which was being developed by the appellee. The agreement was for an initial period of fifteen years. The agreement, however, did not contain a provision as to when the installation of the cable service would begin. Beginning in July 1992, the appellee began to correspond with the appellant by letter inquiring about the beginning of the construction or providing of services. No responses were received to the letters. Sixteen months after entering into the agreement there were no visible signs of the beginning of construction on the project.

On May 4, 1993, Joseph G. Coker, attorney for the appellee, sent a letter to the appellant asking the appellant to give a written statement of intent to perform the contract. He further stated that if such a statement was not forthcoming, the appellee would consider the contract terminated. There was no response and the appellee terminated the contract and entered into a contract with another entity. Appellant denies receiving the letter from

Mr. Coker.  This appears to be the only dispute of fact involved in the case insofar as we are able to determine from the record.  We do not deem this to be a material fact under the circumstances of this case.

Mr. Weiford, the appellant, filed his affidavit in which he stated:

> 5.    That I have made substantial efforts, in a reasonable and timely manner, to comply with the terms of my contract with Fields Development which facts were made known to the defendant [Fields Development] in response to interrogatories number 11, 12, and (sic) 14 and 17 as attached hereto and which are incorporated herein.

The appellant's answers to the interrogatories mentioned in the above affidavit do not demonstrate that any substantial work was ever done to construct the cable service.  From the state of the record, which we find to be somewhat bewildering, we are unable to discover any valid, legitimate, or legal reason as to why the appellant had failed to perform.

In McClain v. Kimbrough Const. Co., 806 S.W.2d 194 (Tenn. App. 1990) this court stated: "... we have required contracting parties to deal with each other fairly and in good faith, even though these duties were not explicitly embodied in their contract. Williams v. Maremont Corp., 776 S.W.2d 78, 81 (Tenn. Ct. App. 1988); TSC Indus., Inc. v. Tomlin, 743 S.W.2d 169, 173 (Tenn. Ct. App. 1987);

Covington v. Robinson, 723 S.W.2d 643, 645 (Tenn. Ct. App. 1986). We have also held the extent of contractual obligations should be tempered by a 'reasonableness' standard." Moore v. Moore, 603 S.W.2d 736, 739 (Tenn. Ct. App. 1980).

> The rule is well established that when no definite time for performance of a contract is specified, as it was not in this case by either party the law will imply a reasonable time under the circumstances in contemplation by both parties at the time of formation of the contract. Uniform Sales Act, Section 43(2), Code 1932, § 7236(2); Thompson v. Woodruff, 47 Tenn. 401; Wildberg Box Co. v. Darby, 143 Tenn. 73, 223 S.W. 855; 46 Am.Jur. 341, Sections 164 and 165; Memphis Furniture Mfg. Co. v. Wemyss, 6 Cir., 2 F.2d 428, 431.

Calcasieu Paper Co. Inc., v. Memphis Paper Co., 222 S.W.2d 617 (Tenn. App. 1949).

We are persuaded by applying the "good faith" and "reasonableness" standard to the uncontroverted facts in this case, the appellant materially breached the contract by failing to begin the performance of the contract within a reasonable time. Further, we find that the failure to respond to the appellee's inquiries or correspond with the appellee gives rise to an inference that the appellant was not dealing in good faith. We are of the opinion that the appellant breached the covenant of good faith and fair dealing implicit in every contract and thereby breached the contract in question. He, being the breaching party, cannot maintain this action and the appellee is entitled to judgment as a matter of law.

4

In reaching our conclusion, we have been guided by Carvell v. Bottoms, 900 S.W.2d 23 (Tenn. 1995) wherein it is said:

> The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991). Tenn. R. Civ. P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991).
>
> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion.

Applying this standard of review, we are of the opinion that the summary judgment was properly granted. There were no genuine issues of material fact and the appellee was and is entitled to judgment as a matter of law.

5

We affirm the judgment of the trial court in all respects. Costs of this appeal are taxed to the appellant and this case is remanded to the trial court.


_____
Don T. McMurray, J.


CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., J.

IN THE COURT OF APPEALS

| | |
|---|---|
| BRIAN WEIFORD d/b/a ELITE CABLE ) | CAMPBELL CIRCUIT |
| TELEVISION COMPANY, ) | C. A. NO. 03A01-9510-CV-00367 |
| ) | |
| Plaintiff-Appellant ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| vs. ) | HON. CONRAD TROUTMAN |
| ) | JUDGE |
| ) | |
| ) | |
| ) | |
| ) | |
| FIELDS DEVELOPMENT CO., INC., ) | AFFIRMED AND REMANDED |
| d/b/a DEERFIELD RESORT, ) | |
| ) | |
| Defendant-Appellee ) | |

**ORDER**

This appeal came on to be heard upon the record from the Circuit Court of Campbell County and briefs filed on behalf of the respective parties. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court in all respects. Costs of this appeal are taxed to the appellant and this case is remanded to the trial court.

PER CURIAM