83 F.3d 424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James MIDDLETON, Plaintiff-Appellant,
v.
EXXON COAL USA, INC., Defendant-Appellee.
 No. 95-3286.
 United States Court of Appeals, Seventh Circuit.
 Argued April 3, 1996.
Decided April 26, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 James Middleton was a first-line supervisor at Exxon's Monterey No. 2 coal mine. A contract dispute between Exxon and the mine's sole customer led the mine to lay off most of its employees at the end of March 1993. Exxon retained personnel at the top of the most recent performance rankings, but Middleton was near the bottom. Later that year, after it prevailed in the contract case (see PSI Energy, Inc. v. Exxon Coal USA, Inc., 991 F.2d 1265 (7th Cir.1993), after remand, 17 F.3d 969 (1994)), Exxon recalled many of the workers--but not all, as it had reorganized production in the interim. Middleton was not recalled.
 
 
 2
 Middleton contends that Exxon retaliated against him for pursuing his remedies under the workers' compensation laws of Illinois. That state treats retaliation as a tort. See Kelsay v. Motorola, Inc., 74 Ill.2d 172, 384 N.E.2d 353 (1978); see also Spearman v. Exxon Coal USA, Inc., 16 F.3d 722 (7th Cir.1994). The record demonstrates that Exxon made layoff and recall decisions in order from the list. One person ranked below Middleton was recalled, but that person was a production foreman, a job different from Middleton's. So to prevail Middleton must establish that his position on the list was retaliatory, and that this form of retaliation (if retaliation it was) violates the law of Illinois. The district court held that Middleton could not establish these things and entered summary judgment for Exxon.
 
 
 3
 Illinois forbids retaliatory discharge, but steps short of discharge are not forbidden. Zimmerman v. Burchheit of Sparta, Inc., 164 Ill.2d 29, 645 N.E.2d 877 (1994), holds that a demotion (even one amounting to constructive discharge) in response to the filing of a compensation claim is not tortious. That rule presents Middleton with an insuperable obstacle, for placement on a ranking list is some distance shy of discharge. Perhaps one could equate the two if, at the time the list was drawn up, the employer expected to fire all those who fell below some threshold. But the record does not support an inference that Exxon anticipated that low placement on the list would lead to separation from employment. In 1992, when the list was created, Exxon was still shipping coal to PSI Energy and expected to continue to do so, an expectation vindicated in the contract litigation.
 
 
 4
 Middleton argues that his low ranking was attributable to the injuries for which he sought compensation--a back injury (with associated absenteeism) and a decline in hearing. That may be so, but Illinois distinguishes between a reaction to the physical condition and a reaction to the legal claim for compensation. A pilot who loses his vision in an occupational accident may be discharged, although the employer may not retaliate if the pilot seeks compensation for the injury. "[A]n employer may fire an employee for excess absenteeism, even if the absenteeism is caused by a compensable injury.... Simply put, 'Illinois allows employers to act on the basis of their employee's physical disabilities; it is only the request for benefits that state law puts off limits as a ground of decision.' " Hartlein v. Illinois Power Co., 151 Ill.2d 142, 160, 601 N.E.2d 720, 728 (1992), quoting from McEwen v. Delta Air Lines, Inc., 919 F.2d 58, 60 (7th Cir.1990). So neither Middleton's placement on the list, nor the actions based on that list, are tortious in Illinois.
 
 
 5
 AFFIRMED.