IN THE COURT OF APPEALS

FILED

**July 2, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

PRICE & PRICE MECHANICAL, INC., ) HAMBLEN CHANCERY
) C. A. NO. 03A01-9612-CH-00402
)
Plaintiff-Appellant )
)
)
)
)
)
vs. ) HON. BEN K. WEXLER
) CHANCELLOR, BY INTERCHANGE
)
)
)
)
)
JAMES EDWARD HALE and HALE ) REVERSED AND REMANDED
CONSTRUCTION COMPANY, INC., )
)
Defendants-Appellees )


W. GARY BLACKBURN & MICHELLE JONES LONG, Blackburn, Slobey, Freeman & Happell, P.C., Nashville, for appellant.


ROBERT A. CRAWFORD, Carpenter & O'Conner, Knoxville, for appellees.


O P I N I O N


McMurray, J.


This case is before the court on an extraordinary appeal pursuant to Rule 10, Tennessee Rules of Appellate Procedure. The

sole issue which we are called upon to decide is whether Tennessee recognizes the tort of "intentional interference with prospective economic advantage" (The tort). The trial court dismissed the plaintiff's claim on the premise that Tennessee does not recognize the tort, citing Kultura, Inc., v. Southern Leasing, 923 S.W.2d 536, (Tenn. 1996), quoting from Quality Auto Parts v. Bluff City Buick, 876 S.W.2d 818, 823 (Tenn. 1994).

The Supreme Court has neither expressly rejected the tort nor expressly embraced it. In Quality Auto Parts, the court did define the elements that make up the tort as follows:

> Most jurisdictions and commentators agree the tort is composed of the following elements: (1) the existence of a business relationship or expectancy (an existing contract is not required); (2) knowledge by the interferer of the relationship or expectancy; (3) an intentional act of interference; (4) proof that the interference caused the harm sustained; and (5) damage to the plaintiff. Id., 5 A.L.R.4th at § 2[a], p. 16; see also Crandall Corp. v. Navistar Intern., 302 S.C. 265, 395 S.E.2d 179 (S.C. 1990); Commodore v. University Mechanical Contr., 120 Wash.2d 120, 839 P.2d 314 (Wash 1992).

The court determined that Quality Auto Parts' claim must fail because the complaint did not allege two essential elements of the tort — (1) the existence of a specific prospective employment relationship and (2) knowledge by Quality of such a relationship. The court then stated:

> We conclude that the question of whether Tennessee recognizes the tort of intentional interference with prospective economic advantage should be postponed to another day when we are squarely presented with a case in

2

which all of the elements of the tort have been alleged or otherwise established. ...

*Id, page 823.*

The court in <u>Kultura, Inc</u>., supra, neither accepted nor rejected the tort, observing that no damages had been shown. Thereafter, this court in <u>New Life Corp. v. Thomas Nelson, Inc</u>., 932 S.W.2d 921 (Tenn. App. 1996, permission to appeal denied July 1, 1996), reversed a summary judgment which had been entered in favor of the defendant and remanded the case to the trial court for a trial on the merits.

In discussing the issue the court pointed out:

> ... In <u>Kan Const. & Cleaning Corp. v. Tatum</u>, No 01A01-9304-CV-00150, 1993 WL 434741 (Tenn. App. W.S., Oct 27 1993, the court stated:
>
>> The elements of the tort of interference with business relations are also set out in 45 AmJur.2d <u>Interference</u> 50 (1969).
>>
>> The basic elements which establish a prima facie tortious interference with a business relationship are the existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy; knowledge of the relationship or expectancy on the part of the interferer; an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy has been disrupted.

We are unable to make a meaningful distinction between <u>Quality Auto Parts</u> and <u>New Life Corp</u>., insofar as the elements of the tort are concerned.

It is well-settled law that the Supreme Court is not bound by a decision of an intermediate appellate court even when certiorari or permission to appeal is denied. As explained by Chief Justice Grafton Green, in Bryan v. Aetna Life Ins. Co., 174 Tenn. 602, 130 S.W.2d 85 (1939): "We have repeatedly pointed out that a mere denial by this court of a writ of certiorari to the Court of Appeals does not commit us to all the views expressed in a particular opinion. We are primarily concerned on such application with the result reached." 174 Tenn. at 611, 130 S.W.2d at 88. Weighing only the result in New Life Corp. in the light of Quality Auto Parts, a compellingly persuasive argument is made that the Supreme Court has implicitly recognized the tort. We are of the opinion that the tort is now recognized in this jurisdiction and so hold.

Upon consideration of the entire complaint, we are of the opinion that sufficient facts have been alleged which, if true, satisfy the requirements of both Quality Auto Parts and New Life, supra. We acknowledge that damages have been plead with little specificity. We believe, however, that under the relaxed re- quirements for pleading under the Tennessee Rules of Civil Procedure, that the defendants have been placed on sufficient notice to make them aware of the claims against them. Further:

> We also believe that ... there is no longer any need for particularized damage pleading. As we noted in Handley v. May, [588 S.W.2d 772, 774, -76 Tenn. App. 1979] the purpose of pleading under the Tennessee Rules of Civil Procedure is to notify the defendant of the claims against him. There are any number of devices, including a motion for more definite statement and the various discovery procedures, that enable parties to clarify the

> claims against them. Nothing requires a plaintiff to plead all damages with more exactness and specificity than that required by the Tennessee Rules of Civil Procedure. [The plaintiff's] complaint meets the standards of Tenn. R. Civ. P. 8. It gave the defendants sufficient notice of the type of damages claimed to be suffered. Therefore, we find that the complaint was proper.

<u>Evans v. Nashville Banner Publishing Co.</u>, 1988 Tenn. App. LEXIS 638.

Having now reached the conclusions that the tort has been adopted in Tennessee and that the plaintiff's complaint states a cause of action for tortious interference with a business relationship, we must examine the propriety of the trial court's action in granting defendants' motion for judgment on this issue.[1]

We first note that the complaint contains two counts. One is for defamation and the second is for tortious interference with a business relationship. The defendant filed a motion for summary judgment on both counts. The motion for summary judgment relating to defamation was premised upon the plaintiff's inability to prove damages caused by the alleged defamatory statements. The motion, as to that count was overruled. As to the count for tortious interference with a business relationship, the defendants' motion simply stated "a cause of action for interference with a prospective economic advantage is not a recognized cause of action under the laws of this state." No claim is made (as to either count)

---

[1] We are not concerned with the designation or title attached to the cause of action. We are more concerned that all the necessary elements are alleged. "Reviewing courts must always look to the substance of the challenged complaint rather than its form." <u>Usrey v. Lewis</u>, 553 S.W.2d 612, 614 (Tenn. App. 1977); <u>Kaylor v. Bradley</u>, 912 S.W.2d 728 (Tenn. App. 1995).

that "there is no genuine issue as to any material fact." <u>See</u> Rule 56.03, Tennessee Rules of Civil Procedure. We feel that it is informative to set out the material parts of the motion for summary judgment. The motion, in pertinent part, is as follows:

> ... [A]s grounds for this motion, the defendants would show unto the court as follows:
>
> (1) Any damage incurred by the plaintiff was not caused by the alleged defamatory statements of James Edward Hale;
>
> (2) A cause of action for interference with a prospective economic advantage is not a recognized cause of action under the laws of this state; and
>
> (3) The plaintiff has not suffered, and cannot prove, that he incurred damages as a result of the alleged defamatory statements of James Edward Hale.

During oral argument before this court, the appellees devoted much of their argument and strongly directed our attention to the lack of a showing of damages by the plaintiff in response to the defendants' motion for summary judgment. We note however, that the trial court in granting the motion, did so purely as a matter of law, relying upon <u>Kultura, Inc</u>., supra and <u>Quality Auto Parts</u>, supra. Specifically, the court, in its memorandum opinion stated:

> The court is of the opinion, as to the issue of intentional interference with prospective economic advantage that this is not a recognized cause of action in Tennessee. [Citing <u>Kultura</u>, supra.]

Since the basis of the defendants' motion for summary judgment, as set out above, was purely a question of law not directed toward "undisputed material facts", the plaintiff had no

6

notice that he would be called upon to demonstrate damages as to the second count. Further, with no such ground stated in the motion, he was under no obligation to do so. We are not at liberty to presume or assume that the evidence found in the record before us is all of the evidence that the plaintiff is able to produce on this issue.

> The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991). Tenn. R. Civ. P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991).

Carvell v. Bottoms, 900 S.W.2d 23 (Tenn. 1995).

We are of the opinion that the defendants, the moving parties, have failed to meet the burden of proving that their motion for summary judgment satisfies the requirements set out above and that they are entitled to judgment as a matter of law. Accordingly, we find that the motion for summary judgment should not have been granted.

We do not express any opinion on the merits of any issue, other than to hold that the defendants, based upon the record before us, are not entitled to judgment as a matter of law. The judgment of the trial court granting the motion for summary judgment is reversed.

Costs are assessed to the appellees and this case is remanded to the trial court for such other and further action as may be required, consistent with the opinion of this court.

_____
Don T. McMurray, J.

CONCUR:

_____
Charles D. Susano, Jr., Judge

_____
Gary R. Wade, Special Judge

8

# IN THE COURT OF APPEALS

PRICE & PRICE MECHANICAL, INC., ) HAMBLEN CHANCERY
                                ) C.A. NO. 03A01-9612-CH-00402
                                )
        Plaintiff-Appellant     )
                                )
                                )
                                )
                                )
                                )
vs.                             ) HON. BEN K. WEXLER
                                ) CHANCELLOR, BY INTERCHANGE
                                )
                                )
                                )
                                )
                                )
JAMES EDWARD HALE and HALE      ) REVERSED AND REMANDED
CONSTRUCTION COMPANY, INC.,     )
                                )
        Defendants-Appellees    )

## JUDGMENT

This appeal came on to be heard upon the record from the Chancery Court of Hamblen County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was reversible error in the trial court.

The judgment of the trial court is reversed. Costs are assessed to the appellees and this case is remanded to the trial court for such other and further action as may be required, consistent with the opinion of this court.

PER CURIAM