**Gilbert R. SPURLOCK, Plaintiff–Appellant,**

v.

**PETERBILT MOTORS COMPANY INC., Defendant–Appellee.**

No. 01–6544.

United States Court of Appeals, Sixth Circuit.

Feb. 19, 2003.

Before GILMAN and GIBBONS Circuit Judges; and ECONOMUS, District Court Judge.*

## OPINION

PER CURIAM.

Gilbert R. Spurlock appeals a district court grant of summary judgment for his former employer in this action, which was filed under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654, and also included supplemental state-law claims.

Spurlock alleged that Peterbilt fired him from his job after he: (1) took time off from work to care for his wife; (2) reported safety violations to the Tennessee Occupational Health and Safety Division; and (3) filed a claim for worker's compensation benefits. Following discovery, Peterbilt filed a motion for summary judgment, Spurlock responded in opposition, and Peterbilt filed a reply. The district court granted summary judgment for Peterbilt. Spurlock filed a timely notice of appeal.

On appeal, Spurlock contends that the district court erred in finding no causal connection between his firing and the rights Spurlock exercised under the FMLA, the Tennessee Public Protection Act, and Tennessee worker's compensation law. Peterbilt responds that the district court's judgment was proper. Upon de novo review, *see Brooks v. Am. Broad.*

*Cos.*, 932 F.2d 495, 500 (6th Cir.1991), we affirm the district court's judgment for the reasons stated by the district court in its memorandum opinion entered on October 17, 2001.

An employer may not retaliate against an employee for taking leave under the FMLA. 29 U.S.C. § 2615; 29 C.F.R. § 825.220(c); *Chandler v. Specialty Tires of Am. (Tenn.), Inc.*, 283 F.3d 818, 825 (6th Cir.2002). The FMLA entitles an eligible employee to twelve weeks of leave per year to care for a spouse, child, or parent suffering from a "serious health condition." 29 U.S.C. § 2612(a)(1)(C). A "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves– (A) inpatient care in a hospital ... or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Here, it is undisputed that Spurlock legitimately invoked his right to use leave under the FMLA.

"[T]o succeed on a retaliation claim, an employee must demonstrate that his employer intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right." *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1207 (11th Cir.2001) (citing *King v. Preferred Technical Group*, 166 F.3d 887, 891 (7th Cir.1999)). In the absence of direct evidence of the employer's intent to retaliate, courts use the burden-shifting formula employed in Title VII discrimination cases. *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 315 (6th Cir.2001); *Strickland*, 239 F.3d at 1207; *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 161 (1st Cir.1998). Spurlock bears the initial burden of establishing a prima facie case of retaliation, the burden shifts to Peterbilt to articulate a legiti-

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

mate, nondiscriminatory reason for the adverse action, then Spurlock must show that Peterbilt's nondiscriminatory reason is a pretext designed to mask discrimination. *See Skrjanc,* 272 F.3d at 315.

Similar burdens of proof apply to Spurlock's state-law claims. In order to establish a claim under the Tennessee Public Protection Act, Tenn.Code Ann. § 50–1–304, for retaliatory firing for reporting illegal activities, Spurlock must show that: (1) he was an employee; (2) he refused to remain silent about violations of law; (3) he was fired; and (4) an exclusive causal relationship exists between his refusal to remain silent and his firing. *See Henderson v. Corr. Corp. of Am.,* 918 F.Supp. 204, 209 (E.D.Tenn.1996); *Griggs v. Coca–Cola Employees' Credit Union,* 909 F.Supp. 1059, 1063 (E.D.Tenn.1995). To establish a claim for retaliation for pursuing a worker's compensation claim, Spurlock must show that: (1) he was an employee; (2) he filed a worker's compensation claim; (3) he was fired; and (4) his worker's compensation claim was a substantial factor in his firing. *Anderson v. Standard Register Co.,* 857 S.W.2d 555, 558 (Tenn.1993).

The district court correctly concluded that Spurlock cannot show that any of his protected activities led to his firing. Again, it is undisputed that Spurlock legitimately invoked his right to use leave under the FMLA. However, there is simply no evidence upon which a jury could find for Spurlock with respect to his contention that he was fired because he used leave. His FMLA leave took place several years before his discharge, and there is no indication that Peterbilt balked at honoring its FMLA obligations. Similarly, no evidence suggests that Spurlock's firing was in any way related to his complaints of workplace hazards. In fact, Peterbilt received notice of Spurlock's final complaint to Tennessee authorities only after he was fired. Finally, no evidence supports Spurlock's contention that the worker's compensation claims were a substantial factor in Peterbilt's decision to fire him. Spurlock had received several warnings regarding his poor performance prior to seeking worker's compensation benefits.

Even if Spurlock established a prima facie case of retaliation, the district court correctly concluded that the record supports Peterbilt's proffered nondiscriminatory reason for firing Spurlock–his continued unsatisfactory performance. Spurlock does not dispute Peterbilt's allegations that he was the worst-performing Dyno operator in its employ. Although Spurlock alleges that several other Dyno operators also fell short of the performance standards established by Peterbilt but were not discharged, he fails to provide any evidence that those operators were similarly situated to himself or that he was not the worst performing of the lot. *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 352 (6th Cir.1998) (stating that "the plaintiff and the employee with whom the plaintiff seeks to compare himself or herself must be similar in all of the *relevant* aspects") (emphasis in original) (internal quotation marks omitted). Under these circumstances, the district court properly granted Peterbilt's motion for summary judgment.

For the foregoing reasons, the district court's judgment is affirmed.