IN THE COURT OF APPEALS

FILED

February 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| HARRY GRAY SMITH, | ) KNOX CHANCERY |
| | ) C. A. NO. 03A01-9609-CH-00287 |
| | ) |
| Plaintiff-Appellant | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| vs. | ) HON. SHARON BELL |
| | ) CHANCELLOR |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| CITY OF KNOXVILLE, CODE | ) REVERSED, JUDGMENT VACATED and |
| ENFORCEMENT, | ) REMANDED |
| | ) |
| Defendant-Appellee | ) |


U. WILFRED NWAUWA, Knoxville, for Appellant.


K. DICKSON GRISSOM, Deputy law director, City of Knoxville, for appellee.


O P I N I O N


McMurray, J.

This is an action for damages for personal injury and the negligent, malicious and wrongful destruction of real and personal property of the plaintiff, Harry Gray Smith. Plaintiff filed suit in the Chancery Court for Knox County alleging that the defendant destroyed three pieces of his property, located at 1417 Magnolia Avenue, 1421 Magnolia Avenue and 400 Winona Street North, without proper notice. Plaintiff claimed that, notwithstanding a "No Trespassing" sign he had erected on the premises, employees of the City destroyed the structures without service of any final condemnation or demolition notice. He further asserts that the defendant refused to allow him to remove medical equipment from one of the structures in which he was living. He further alleged that as a result of the demolition and verbal threats of bodily harm which he claims were made by agents of the defendant, plaintiff suffered a heart attack necessitating hospitalization.[1]

Defendant filed a motion to dismiss based upon grounds that the City was immune from suit under the provisions of the Governmental Tort Liability Act. That motion was denied, and defendant filed an Answer, which was subsequently amended to set forth the defenses of exclusive remedies and limitations of actions as set forth in the Slum Clearance and Redevelopment Act, codified in T.C.A. § 13-21-101 et seq. Defendant then filed a second motion

---

[1]Although the Plaintiff alleged personal injuries as a result of defendant's actions, the Chancellor ruled that the city was immune from suit under the provisions of the Governmental Tort Liability Act. The plaintiff has not raised that as an issue on appeal.

to dismiss based upon those grounds. After a hearing on the motion, the trial court issued a memorandum opinion granting the defendant's motion.

The plaintiff and defendant state the issue for our consideration virtually the same. We summarize the issue as follows: Whether the trial court erred in granting a motion to dismiss.

Despite both parties labeling the issue as a motion to dismiss, it appears that this matter was disposed of by the trial court as a motion for summary judgment. A trial court can convert a Rule 12.02(6) motion to dismiss into a Rule 56 motion for summary judgment by considering material outside of the pleadings. Knierim v. Leatherwood, 542 S.W.2d 806, 808 (Tenn. 1976). Both parties state that the trial court did consider material outside of the pleadings, therefore, we must consider the motion as a motion for summary judgment.

The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well-settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of T.R.C.P. 56 have been met. Cowden v. Sovran

3

Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991). T.R.C.P. 56.03 provides that summary judgment is only appropriate where there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and the moving party is entitled to judgment as a matter of law on the undisputed facts. Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991). The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Byrd v. Hall, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. Carvell v. Bottoms, 900 S.W.2d 23 (Tenn. 1995).

The City's main defense to this action was that the plaintiff failed to avail himself of the exclusive remedy and within the statute of limitation contained in T.C.A. § 13-21-101 et seq. The Chancellor, in her memorandum opinion from the bench, summarized that remedy as follows: "Respectfully, counsel, I believe under the statute that the exclusive remedy at least in regard to the real

4

property is to file for the injunctive relief within 60 days after service and posting of the order." She further stated that the City had mailed the notices to plaintiff, but that he ignored and/or rejected such notices.[2] We believe that under the summary judgment standard, this was error.

Plaintiff alleged in his complaint and stated in affidavits supporting his brief in opposition to the second motion to dismiss that he had not received notice. Since the trial judge took such evidence into consideration in deciding the second motion to dismiss, the court was to construe that evidence in a light most favorable to the plaintiff. We believe that the evidence submitted by the plaintiff did create a genuine issue of material fact as to whether plaintiff actually received such notice thus precluding a summary judgment. We make no determination, however, as to the merits of plaintiff's claim that he did not receive notice, but merely hold that in light of this disputed fact, summary judgment was inappropriate and the defendant was not entitled to judgment as a matter of law.

For the reasons set forth above, we vacate the trial court's judgment granting summary judgment, and remand the case to the

---

[2] T.C.A. § 13-21-105 requires that the municipality serve orders issued by a public officer either personally, by registered mail or publication if the whereabouts of the property is unknown and cannot be ascertained by the public officer in the exercise of reasonable diligence.

trial court for further proceedings consistent with this opinion. Costs of appeal are adjudged to the appellee.

_____
Don T. McMurray, J.

CONCUR:

_____
Houston M Goddard, Presiding Judge

_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS

| | | |
|---|---|---|
| HARRY GRAY SMITH, | ) | KNOX CHANCERY |
| | ) | C. A. NO. 03A01-9609-CH-00287 |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. SHARON BELL |
| | ) | CHANCELLOR |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| CITY OF KNOXVILLE, CODE | ) | REVERSED, JUDGMENT VACATED and |
| ENFORCEMENT, | ) | REMANDED |
| | ) | |
| Defendant-Appellee | ) | |

## ORDER

This appeal came on to be heard upon the record from the Chancery Court of Knox County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was reversible error in the trial court.

We vacate the trial court's judgment granting summary judgment, and remand the case to the trial court for further proceedings consistent with this opinion. Costs of appeal are adjudged to the appellee.

PER CURI AM