# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

May 23, 1997

Cecil W. Crowson
Appellate Court Clerk

DAVID L. WASHINGTON,                    )
                                        )
      Plaintiff/Appellant,            )       Davidson Chancery
                                        )       No. 94-2550-III
VS.                                     )
                                        )       Appeal No.
DEPARTMENT OF CORRECTION, )              01A01-9506-CH-00276
ET AL.,                                 )
                                        )
      Defendants/Appellees.           )


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR


For the Plaintiff/Appellant:                 For the Defendants/Appellees:

David L. Washington                          Charles W. Burson
Pro Se                                       Attorney General and Reporter

                                             Merrilyn Feirman
                                             Assistant Attorney General


## VACATED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This appeal involves a prisoner's challenge to the Department of Correction's calculation of his sentence reduction credits. After exhausting his departmental remedies, the prisoner filed a declaratory judgment action in the Chancery Court for Davidson County. The trial court granted the Department's motion for summary judgment and dismissed the complaint. We have determined that the record does not support granting a summary judgment and, accordingly, vacate the judgment pursuant to Tenn. Ct. App. R. 10(b).[1]

## I.

David Washington is serving seventy to seventy-five years for rape, burglary, grand larceny, and petit larceny. He has been incarcerated since 1976 and is presently housed at the Northeast Correctional Center in Mountain City. After twenty years behind bars, Mr. Washington questioned the calculation of his parole eligibility date and asserted that the Department of Correction had misfigured his sentence reduction credits under Tenn. Code Ann. § 41-21-236 (1990). After the Department's response to his complaint proved unsatisfactory, Mr. Washington filed suit in the Chancery Court for Davidson County requesting the court to correct his sentence expiration date and to award him the sentence reduction credits to which he was entitled.[2]

Rather than answering Mr. Washington's petition for declaratory judgment, the Department responded immediately by filing for summary judgment. Instead of specifying the grounds for the summary judgment, the motion merely asked for a summary judgment and recited that grounds for the motion were set out in an

---

[1]Tenn. Ct. App. R. 10(b) provides as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]Three months before initiating this suit, Mr. Washington filed another suit in the Criminal Court for Washington County seeking relief from his sentence. The criminal court dismissed the petition, and the Court of Criminal Appeals affirmed. *Washington v. State,* App. No. 03C01-9411-CR-00407, 1995 WL 227900 (Tenn. Crim. App. April 18, 1995), *perm. app. denied* (Tenn., July 3, 1995).

accompanying memorandum of law. The motion referred to no supporting materials of any type.

Mr. Washington moved to strike the Department's motion because "the Respondents have not reflected any exhibits or proof to justify that said calculation of his [sic] sentence is correct." He also complained that the State "did [not] . . . supply petitioner the affidavit of Faye Claud as reflected on their memorandum in support of motion to the Court as [i]ndicated by certificate of service on the petitioner." He supported these assertions with an affidavit to the same effect. In its order granting the Department's motion, the trial court recited that "[f]rom the material submitted by the defendant in support of its motion for summary judgment, it appears to the Court that the plaintiff's sentences and parole eligibility are correctly calculated." Mr. Washington has appealed to this court.

## II.

Tenn. R. Civ. P. 56.02 expressly provides that a defending party in a declaratory judgment action may, at any time, move for summary judgment with or without supporting affidavits. When a defending party moves for a summary judgment, it bears the initial burden of producing sufficient evidence to support its motion and to satisfy the trial court that the material evidence is undisputed, *Byrd v. Hall*, 847 S.W.2d 208, 213 (Tenn. 1993); *Burgess v. Harley*, 934 S.W.2d 58, 62 (Tenn. Ct. App. 1996), and that it is entitled to a judgment as a matter of law. *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993).

The Department has not shouldered its burden of proof in this case. The trial court's judgment refers to "material" submitted by the Department in support of its motion for summary judgment; however, the appellate record does not contain this material. On June 24, 1996, this court ordered the clerk and master to prepare and transmit a supplemental record containing the material supporting the Department's motion. The clerk and master subsequently filed a supplemental record containing a copy of the Department's memorandum of law filed with its summary judgment motion. This memorandum refers to an affidavit by Faye Claud, but the supplemental record did not contain Ms. Claud's affidavit. Again, on April 30, 1997, this court ordered the clerk and master to certify and transmit a second supplemental record specifically to consist of the affidavit of Faye

Claud, the Department of Correction manager of sentence information services. On May 20, 1996, the clerk and master certified to this court that her office had no such affidavit.

Mr. Washington's verified petition puts at issue the material facts concerning the correct calculation of his sentence. The statements in the Department's motion and memorandum of law in support of summary judgment do not constitute evidence of the facts in Mr. Washington's case, *State v. Dykes*, 803 S.W.2d 250, 255 (Tenn. Crim. App. 1990); *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 929 n. 5 (Tenn. Ct. App. 1984), and those lawyer-written statements alone do not remove all genuine issues of fact in this case. The record in its present state requires this court to find that the Department has failed to carry its burden of providing competent evidence upon which the trial court could properly conclude that there are no genuine issues concerning the material facts of this dispute. Accordingly, we have no choice other than to vacate the order dismissing the complaint.

## III.

We vacate the summary judgment and remand this case to the chancery court for further proceedings consistent with this opinion. We also tax the costs to the Department of Correction.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
SAMUEL L. LEWIS, JUDGE