IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
FEBRUARY 20, 2004 Session

## MARY RACHEL BROWN WILLIAMS v. JEWELINE R. CRENSHAW

Direct Appeal from the Chancery Court for Shelby County
No. CH-01-0197-1      Walter L. Evans, Chancellor

_____

No. W2003-01029-COA-R3-CV - Filed June 30, 2004

_____

Plaintiff brought suit on a defectively executed joint will, arguing that, despite its infirmities as a testamentary instrument, it is still enforceable as a contract for the benefit of a third party. In her suit, Plaintiff sought to recover certain property, purportedly covered by the defective joint will, that Decedent had devised to Defendant in a subsequent will. The lower court granted Defendant's motion for summary judgment, finding that the defective joint will does not constitute an enforceable contract. For the following reasons, we affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Newton P. Allen, Malinda C. Allen, Memphis, TN, for Appellant

Thomas Barnett, Memphis, TN, for Appellee

### OPINION

### Facts and Procedural History

On June 8, 1978, William Brown ("Mr. Brown"), his wife Pauline Brown ("Decedent"), and their daughter Sophronia Johnson ("Ms. Johnson") executed an instrument entitled "My Last Will and Testament of William Brown, Jr" ("Instrument"). In the Instrument, the signatories purported to devise all of their real and personal property to Mary Rachel Brown Williams ("Plaintiff") in the event that she survived them. It states:

I, William Brown, Jr. of Memphis, Shelby County, Tennessee, being of soul [sic] mind, and disposing memory, do hereby make, publish and declare the

following to be my last will and testament, hereby revoking any and all other wills heretofore made by me and my wife, Pauline N. Brown.

I give, devise and bequeath all my property real and personal, furniture, all money, all contents of my home at 1977 Murley and the home of our daughter, Sophronia Johnson at 1938 Murley, to mu [sic] sister, Mary Rachel Brown Williams of 1749 Netherwood Ave, Memphis, Tennessee, if she should survive me or us. Without having to pay inheritance taxes.

My signature on this the 8 day of June 1978

| Signed: | Witnesses: |
| --- | --- |
| /s/ William Brown, Jr. | /s/ Joseph B. Scott |
| /s/ Pauline N. Brown | /s/ James Sanders |
| /s/ Sophronia Johnson | |

Despite the two signatures of witnesses, it is undisputed that the Instrument was not witnessed in accordance with statutory requirements and, therefore, does not constitute a valid will.

Mr. Brown died on February 7, 1980, and Ms. Johnson passed away on October 6, 1996, leaving Decedent as the last surviving signatory of the Instrument. Upon her death on July 23, 2000, Decedent left a document entitled "Last Will and Testament of Pauline Brown," dated August 25, 1992. This document devised certain personal property, as well as the real property at 1977 Murley, to Jeweline Crenshaw ("Defendant"), a friend of Decedent. Shortly after Decedent's death, Defendant took possession of the residence located at 1977 Murley, though she did not attempt to probate Decedent's will at that time. On January 30, 2001, Plaintiff filed her complaint seeking to establish her right to the property in Defendant's possession, due to her status as a third-party beneficiary to the Instrument. Plaintiff argued that, although the Instrument is not a valid will, it is still enforceable as a contract for her benefit. She further argued that the terms of the Instrument precluded Decedent from executing a subsequent will for the benefit of another.

On January 28, 2003, Defendant filed a motion for summary judgment, asserting that the Instrument did not create a legal obligation to enter into an irrevocable will, nor was it supported by consideration. In response, Plaintiff maintained that genuine issues of material fact remained regarding the authenticity of Decedent's signature on the Instrument and that summary judgment was, therefore, inappropriate. Plaintiff also filed a motion to amend her complaint to include a claim of conversion, alleging that Defendant wrongfully accessed and converted funds in Decedent's bank account. After conducting a hearing on March 28, 2003, the trial court granted Defendant's motion for summary judgment and denied Plaintiff's motion to amend. For purposes of summary judgment, the lower court presumed that the signature of Decedent on the Instrument was genuine and found, nevertheless, that the Instrument did not constitute a valid contract as a matter of law. Plaintiff then timely filed her notice of appeal on April 28, 2003.

At a hearing on May 23, 2003 to rule on certain issues pertaining to the statement of proceedings, the trial court reconsidered its prior ruling granting summary judgment. The lower court opined that a genuine issue of material fact remained, and summary judgment was

inappropriate, unless Defendant stipulated that Decedent's signature on the Instrument was genuine. The trial court disagreed with Defendant's contention that the Tennessee Rules of Civil Procedure do not require a party to stipulate to disputed issues of fact but, instead, allow a court to presume those facts in favor of the nonmoving party and determine whether the moving party is still entitled to judgment as a matter of law. Accordingly, Defendant entered the stipulation on May 28, 2003, and the trial court entered an order affirming its previous grant of summary judgment.

## Issues

Plaintiff raises the following issues for our consideration:

I.      Whether the trial court erred in granting Defendant's motion for summary judgment based on its finding that the Instrument does not constitute a valid third-party beneficiary contract.

II.     Whether the trial court erred in denying Plaintiff's motion to amend her complaint.

Defendant raises an additional issue:

III.    Whether the trial court erred in requiring Defendant to stipulate to a disputed fact in order to preserve the grant of summary judgment.

## Standard of Review

In *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83 (Tenn. 2000), the Tennessee Supreme Court set forth the standards governing appellate review of a trial court's grant of summary judgment:

> Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion; *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993).

*Staples*, 15 S.W.3d at 88.

## Law and Analysis

In her first issue on appeal, Plaintiff argues that the lower court erred in finding, as a matter of law, that the Instrument signed by Mr. Brown, Ms. Johnson, and Decedent does not constitute a valid contract to give certain property to Plaintiff, the third-party beneficiary. Having reviewed the relevant authority, we do not find that the trial court erred in its ruling. Plaintiff's theory that the Instrument constitutes an irrevocable contract is based on the erroneous legal assumption that the existence of a joint will is, by itself, conclusive evidence of a contract. *Rogers v. Russell*, 733 S.W.2d 79, 85 (Tenn. Ct. App. 1986).

It is clear from the face of the Instrument, entitled "Last Will and Testament," that the signatories intended it to operate as a testamentary device. Plaintiff maintains that they also intended it to act as a contract for her benefit. In support of her argument, Plaintiff simply states that "it is obvious that [the Instrument] clearly expressed the intent of the principal parties thereto . . . that if Mary Rachel Brown Williams survived all three of the principal parties, Mary would receive the properties described in the document. It is likewise obvious that there was sufficient consideration . . ." As such, Plaintiff is arguing that the signatories' intent for the Instrument to act as a contract can be gleaned from the plain language of the Instrument. We disagree. The Instrument does not contain any language indicating that it was intended to be a contract. There are no words such as "contract" or "agreement," nor any recital of consideration. Instead, the Instrument only contains the typical testamentary language commonly found in joint wills. This is not a sufficient basis upon which to find that the Instrument constitutes a contract. It is well settled in Tennessee that the mere execution of a joint will does not mean that the will was executed pursuant to a contract or that it constitutes a contract. *See* Tenn. Code Ann. § 32-308 (1977) (presently codified at Tenn. Code Ann. § 32-3-107 (2001)); *Rogers*, 733 S.W.2d at 86. In *Rogers*, this Court stated:

> By requiring more proof of the existence of a contract other than the execution of a joint will, our courts have followed the majority view recognizing that
>> The fact that joint wills and mutual wills are usually executed as a result of a common intention does not in any way mean that they are always executed pursuant to a contract between the parties respecting the making of such wills . . . .
> Thus, our courts have always required more than the proof of the execution of a joint will to sustain a claim that a contract existed between the two parties to dispose of their estates in accordance with the terms of the will.

*Rogers*, 733 S.W.2d at 86 (citation omitted). As Plaintiff's only proof of the existence of a contract is the execution of the Instrument itself, her claim must fail as a matter of law. Consequently, we affirm the trial court's grant of summary judgment on this issue. We note that our holding on this matter pretermits Defendant's only issue on appeal. We will, therefore, conclude our analysis by considering the final issue raised by Plaintiff.

On February 23, 2003, Plaintiff filed a motion to amend her complaint, seeking to add a claim of conversion against Defendant. Plaintiff maintained that, in the course of caring for Decedent and helping Decedent manage her financial affairs, Defendant wrongfully spent funds from Decedent's bank account for personal expenditures, rather than for Decedent's benefit. Apparently, Plaintiff argued that these funds, had they not been wrongfully spent, would have remained in Decedent's estate and passed to Plaintiff under the terms of the Instrument. In its order dated April 11, 2003, the trial court denied Plaintiff's motion to amend. For the following reasons, we affirm the ruling of the lower court.

The granting or denying of a motion to amend a complaint is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979). In making its determination, the trial court should consider such factors as "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party; repeated failure to cure deficiencies by previous amendments; undue prejudice to the opposing party; and futility of amendment." *Id*. Here, Plaintiff sought to add a claim of conversion to her complaint against Defendant. It is a well-accepted principle that "conversion can be maintained only if the plaintiff can show possession or a right to immediate possession of the item converted . . . ." *Mammoth Cave Prod. Credit Ass'n v. Oldham*, 569 S.W.2d 833 (Tenn. Ct. App. 1977). Plaintiff maintains that she has a right to the allegedly converted funds because they fall within the scope of the Instrument which serves as a contract for her benefit as a third-party beneficiary. As we discussed above, however, the trial court was correct in finding that Instrument does *not* constitute a contract. Consequently, it affords no right upon which Plaintiff may base her conversion claim. Plaintiff's proposed amendment is, therefore, futile, and the trial court did not abuse its discretion in denying the motion to amend.

### Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Mary Rachel Brown Williams, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-5-