IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2000 Session

## MELISSA SUZANNE DEW v. PRO-TEMP, ET AL.

**Appeal from the Circuit Court for Anderson County**
**No. 96LA0112      William E. Lantrip, Chancellor, by interchange**

**FILED JANUARY 5, 2001**

**No. E2000-01750-COA-R3-CV**

This appeal arises from a grant of summary judgment to Pro-Temp ("Defendant"), a temporary employment agency. Melissa Suzanne Dew ("Plaintiff") brought suit against her employer, Defendant, and Eagle Bend Manufacturing, Inc. ("Eagle Bend"). Defendant assigned Plaintiff to work in a temporary position at Eagle Bend where Plaintiff sustained a work-related injury. A few months later, Plaintiff received a reprimand from her Eagle Bend supervisor related to Plaintiff's work performance. Thereafter, Defendant terminated Plaintiff's assignment at Eagle Bend. Plaintiff claims Defendant terminated her employment in retaliation for exercising her worker's compensation rights. Plaintiff argues there are genuine issues of material fact which preclude the granting of summary judgment to Defendant. We affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J. and CHARLES D. SUSANO, JR., J., joined.

Roger L. Ridenour, Clinton, Tennessee, for the Appellant, Melissa Suzanne Dew.

Edward G. Phillips, Knoxville, Tennessee, for the Appellee, Pro-Temp.

# OPINION

## Background

The Trial Court in this retaliatory discharge case granted summary judgment to Pro-Temp, Inc. ("Defendant"). Plaintiff, Melissa Suzanne Dew ("Plaintiff"), alleges that she was terminated from her employment with Defendant because she asserted a worker's compensation claim. Defendant is a temporary employment agency which places its employees in temporary assignments with its clients. Defendant pays its employees their wages and supplies worker's compensation insurance. It is undisputed that Defendant was Plaintiff's employer.

Plaintiff became employed by Defendant in 1996, at which time she signed a written acknowledgment that Defendant was her employer. Defendant temporarily assigned Plaintiff to Eagle Bend Manufacturing, Inc. After working at Eagle Bend for two months, Plaintiff was displaced from Eagle Bend due to a slow period in the demand for work. A few months later, Defendant reassigned Plaintiff to Eagle Bend where Plaintiff worked until June 1998.

In February 1998, Plaintiff sustained a work-related injury to her finger which caused Plaintiff to miss one day of work. It is undisputed that Plaintiff reported her work injury to Defendant's staffing coordinator, Tommy Spencer, on the date of her injury. In May 1998, Plaintiff's physician scheduled surgery on Plaintiff's finger for the following month. It is undisputed that Plaintiff did not notify Defendant about her upcoming surgery until June 2, 1998, but Plaintiff did relate this information to her Eagle Bend team leader, Pat Carter. Thereafter, Carter informed her direct supervisor at Eagle Bend, Mike Bullock, about Plaintiff's surgery.

Shortly thereafter, Plaintiff received a verbal reprimand from Carter regarding Plaintiff's work performance. Carter reported the reprimand to Bullock. Plaintiff contends other employees of Defendant working at Eagle Bend simultaneously received the same reprimand from Carter for the same infraction. Thereafter, Eagle Bend's assistant human resources manager, Jeffrey Krupp, reported the complaint to Spencer. Spencer contacted Plaintiff and told her she was being removed from Eagle Bend due to a complaint related to her work performance. It is disputed whether Defendant always has applied a policy of removing employees from assignments if Defendant receives a complaint from a client. It is undisputed, however, that no employee of Defendant had knowledge of Plaintiff's pending surgery at the time Defendant removed Plaintiff from Eagle Bend.

Later that same day, Plaintiff contacted Defendant to inquire about other available assignments. Defendant has a policy of requiring its employees who are between assignments to contact Defendant in order to make inquiries about available assignments. It is undisputed that Defendant then received its first notice from Plaintiff regarding her upcoming surgery. Defendant discussed two possible assignments with Plaintiff. Ten days later, Plaintiff had her scheduled surgery.

Upon completion of her surgery, Plaintiff contacted Defendant again to inquire about other assignments, particularly one at a company named DDD. In this instance, Defendant was not serving as the placement agency for its employees, but instead was serving as the hiring agent for its client, DDD. At Defendant's instructions, Plaintiff prepared a new application for Defendant since her file had not been updated since her initial hiring date in 1996. On her application, Plaintiff wrote that she was presently employed by Defendant. In her discovery deposition, Plaintiff testified that at the time she prepared the new application for Defendant, she "knew [she] was still employed through [Defendant] but [she] didn't feel like [she] was employed because [she] wasn't working." After successfully completing the interview process, Plaintiff became an employee of DDD, making more money than she had at Eagle Bend.

Defendant's director of facility administration, Teresa Gamble, handles its employees' worker's compensation claims and receives information from employees' treating physicians and Defendant's worker's compensation insurance carrier. Teresa Gamble submitted an affidavit, which is not contradicted, that information related to Plaintiff's worker's compensation injury and claim was kept in a computer-based personnel file. This file contained the following pertinent entries:

| 2/11/98 | 11:19 | [Plaintiff] was injured on 2/5/98 on a Ty-3 bushing machine . . . . [Plaintiff] is able to return to work on 2/7/98. |
| 6/2/98 | 11:07 | [Tommy Spencer] contacted [Plaintiff] and told her that her assignment had ended due to job performance and inability to perform the position . . . . |
| 6/2/98 | 11:43 | [Plaintiff] called in available . . . . I offered her [ScreenArt], bu[t] will need off for surgery and isn't sure that she will be physically able to do the job. Offered Watson's, she wants to think about it and call back. |
| 6/2/98 | 16:43 | [Plaintiff] was terminated on 06/02/98 per Tommy Spencer. |
| 6/2/98 | 16:46 | [Plaintiff's] assignment End Date was changed from 12/31/99 to 06/02/98 on 06/02/98 by Tommy Spencer. She was terminated due to inability to perform the position given to her. |

* * * * * *

| 6/9/98 | 11:15 | [Plaintiff] is scheduled to have surgery on Friday, June 12, to rel[i]eve a tendon or muscle in her finger so she will have more range of motion. Michelle at Managed Care said she has requested a mechanical device . . .. |
|---|---|---|
| 6/23/98 | 10:08 | [Plaintiff] called in . . . . Inquiring about the postal hub.  Told her to come in today between 1 & 4 to complete paperwork. |
| | | * * * * |
| 6/23/98 | 10:22 | [Plaintiff] completed postal paperwork and updated file. |

Teresa Gamble also stated in her sworn affidavit that Defendant received no notice about Plaintiff's scheduled surgery from anyone until June 2, 1998 when Plaintiff provided this information.

Shortly after her removal from Eagle Bend, Plaintiff filed separate lawsuits, one against Defendant for worker's compensation benefits and this lawsuit against Defendant and Eagle Bend alleging retaliatory discharge.  Plaintiff claims that Defendant and Eagle Bend terminated her employment in retaliation for Plaintiff's assertion of a worker's compensation claim.  Both Defendant and Eagle Bend filed motions for summary judgment.  The Trial Court granted Defendant's motion, but denied Eagle Bend's motion.  In its Order granting Defendant's motion for summary judgment, the Trial Court held that Plaintiff failed to establish that her employment with Defendant was terminated by Defendant and failed to show a causal connection between her worker's compensation claim and her removal from Eagle Bend.  The Trial Court's order granting summary judgment to Defendant contained the appropriate language from Tennessee Rule of Civil Procedure 54.02 making that judgment  final.  Plaintiff appeals.  This appeal concerns only Defendant and does not involve Plaintiff's claim against Eagle Bend.

## **Discussion**

On appeal, Plaintiff contends that the Trial Court erred in granting Defendant's motion for summary judgment because genuine issues of material fact exist regarding whether Defendant terminated Plaintiff's employment and whether there is a causal connection between Plaintiff's employment termination and her worker's compensation claim. Defendant contends that Plaintiff cannot establish a *prima facie* case of retaliatory discharge. Defendant also argues that even if Plaintiff can make a *prima facie* case, she cannot rebut Defendant's proffered legitimate, nondiscriminatory reason for its removal of Plaintiff from Eagle Bend, which is the unsatisfactory report it received from Eagle Bend about Plaintiff's work performance.

Our Supreme Court outlined the standard of review of a motion for summary judgment in *Staples v. CBL & Assoc.*, 15 S.W.3d 83 (Tenn. 2000):

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.0[4] provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must

also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

*Staples*, 15 S.W.3d at 88-89; *see also Madison v. Love*, No. E2000-01692-COA-RM-CV, 2000 WL 1036362, at * 2 (Tenn. Ct. App. July 28, 2000) (holding that "[m]aterial supporting a motion for summary judgment must do more than 'nip at the heels' of an essential element of a cause of action; it must negate that element"). A fact is "material" for summary judgment purposes, if it "'must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999) (quoting *Byrd v. Hall*, 847 S.W.2d at 211).

A claim for retaliatory discharge "defines the balance point between the employment-at-will doctrine and rights granted employees under well-defined public policy." *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 556 (Tenn. 1993). An employer may discharge an employee-at-will with or without cause but not for the employee's assertion of a worker's compensation claim. *Id.* at 559. Our Supreme Court outlined the elements required to be established by an employee who claims that she was discharged in retaliation for making a worker's compensation claim as follows:

> (1) [t]he plaintiff was an employee of the defendant at the time of the injury;
> (2) the plaintiff made a claim against the defendant for workers' compensation benefits;
> (3) the defendant terminated the plaintiff's employment; and
> (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment.

*Id.* at 558.

In order to establish the fourth, or "substantial factor" element, the employee must "[present] direct evidence of the necessary causal link or . . . [introduce] compelling circumstantial evidence of such a link." *Reed v. Alamo Rent-A-Car, Inc.*, 4 S.W.3d 677, 685 (Tenn. Ct. App. 1999) (citations omitted). This Court has held that proof of a plaintiff's employment, his assertion of a worker's compensation claim and his subsequent termination is not sufficient evidence to satisfy the elements of a retaliatory discharge claim. *Id.* (citing *Thomas v. Better-Bilt Aluminum Prod., Inc.*, 831 S.W.2d 291, 293 (Tenn. Ct. App. 1992)). Once the employee establishes a *prima facie* case of retaliation, the burden shifts to the employer to show a "'legitimate [sic] nonpretextual [sic]

nonretaliatory reason for the discharge.'" *Anderson*, 857 S.W.2d at 559 (quoting 2A A. Larson, The Law of Workmen's Compensation § 68.36(d) 188-191 (1990)).

Defendant, in support of its motion for summary judgment, affirmatively negated two of the essential elements of Plaintiff's claim. The two essential elements negated by Defendant are that Defendant terminated Plaintiff's employment and that Plaintiff's claim for worker's compensation benefits was a substantial factor in Defendant's motivation to terminate Plaintiff's employment. See *id.* at 558. Plaintiff then failed to offer proof establishing a genuine issue as to any material fact supporting the existence of these essential elements of her claim. Accordingly, we hold that the Trial Court did not err in granting summary judgment to Defendant. *See* Tenn. R. Civ. P. 56.04; *Staples*, 15 S.W.3d at 88-89.

In 1996, Plaintiff signed an acknowledgment that her employer was Defendant. Defendant placed Plaintiff in a temporary position with Eagle Bend where Plaintiff remained fairly consistently until 1998 when Plaintiff was removed from Eagle Bend for poor work performance. This removal had no effect whatsoever on Plaintiff's employment status with Defendant as demonstrated by her previous removal from Eagle Bend in 1996 due to a work shortage and subsequent reassignment. Moreover, Plaintiff's deposition testimony clearly indicates that in 1998, Plaintiff understood that she was still employed by Defendant although her assignment at Eagle Bend had been terminated.

Additionally, the proof shows that Defendant offered Plaintiff two other assignments on the same date of her removal from Eagle Bend. Moreover, a few weeks after Defendant ended her assignment at Eagle Bend and after her surgery, Plaintiff was placed in a permanent position with DDD with the assistance of Defendant. Only then did Plaintiff's employment with Defendant end.

If, however, Plaintiff's employment was terminated by Defendant, Plaintiff still failed to offer proof establishing the fourth element of her claim. Considering the proof in the record in the light most favorable to Plaintiff, the undisputed facts show that Plaintiff did not establish that her assertion of a worker's compensation claim was a substantial factor in her termination. *See Anderson*, 857 S.W.2d at 558. Once again, the proof submitted by Defendant in support of its motion for summary judgment negates this essential element of Plaintiff's claim. The proof shows that Defendant's removal of Plaintiff from Eagle Bend resulted from a complaint it received from Eagle Bend regarding Plaintiff's work performance. Plaintiff does not dispute that she received a reprimand from her Eagle Bend team leader and has not contradicted Tommy Spencer's testimony that he, in turn, received a complaint from Eagle Bend regarding her work performance. The proof regarding Plaintiff's actual worker's compensation claim, albeit scarce, indicates that at the time Plaintiff was removed from Eagle Bend, Defendant's employees only knew that Plaintiff sustained a work injury months previously and that Plaintiff missed one day of work as a result.

Furthermore, the entries in Plaintiff's computer-based personnel file also support Defendant's contention that it was not aware of Plaintiff's pending surgery for her work injury until after Plaintiff's Eagle Bend assignment was ended. The first entry in Plaintiff's file regarding

Defendant's communications with its worker's compensation insurance carrier about Plaintiff's claim was dated one week after Plaintiff was removed from Eagle Bend. At most, the proof shows that when Plaintiff's Eagle Bend assignment was terminated, Defendant was aware only of Plaintiff's worker's compensation injury months before, not her pending surgery.

Accordingly, we hold that Defendant successfully negated two elements of Plaintiff's claim, and Plaintiff failed to offer proof establishing a genuine issue of the existence of these essential elements of her claim. *See Staples v. CBL & Assoc.*, 15 S.W.3d at 89; *Madison v. Love,* 2000 WL 1036362, at * 2. Therefore, we hold that the Trial Court did not err in granting Defendant's motion for summary judgment.

### Conclusion

The judgment of the Trial Court is affirmed, and this matter remanded for further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. Costs of this appeal are taxed to the Appellant, Melissa Suzanne Dew, and her surety.

_____
D. MICHAEL SWINEY, JUDGE