NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0909n.06

No. 12-4381

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

PHAROS CAPITAL PARTNERS, L.P.,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff-Appellant,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
DELOITTE & TOUCHE, Deloitte & Touche LLP )
c/o Lawrence A. Hilsheimer, Statutory Agent; )
CREDIT SUISSE FIRST BOSTON )　ON APPEAL FROM THE UNITED
CORPORATION, c/o Prentice Hall Corp System, )　STATES DISTRICT COURT FOR THE
Statutory Agent; PURCELL & SCOTT CO LPA, )　SOUTHERN DISTRICT OF OHIO
c/o Peggy A. Scott, Statutory Agent; HAROLD W. )
POTE,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants-Appellees.　　　　　　)

FILED
Oct 23, 2013
DEBORAH S. HUNT, Clerk

Before:　COOK, GRIFFIN, and KETHLEDGE, Circuit Judges

PER CURIAM.　In this chapter of the multi-district National Century Financial Enterprises, Inc., Investment Litigation, MDL No. 2:03-md-1565, which arises from National Century's fraudulent business practices and stock offerings, investor Pharos Capital Partners, L.P., sued one of National Century's stock placement agents, alleging primary and secondary liability under Ohio securities law, fraud, and negligent misrepresentation for its role in facilitating Pharos's now-worthless $12-million equity investment in National Century stock.　The district court granted summary judgment to the placement agent, Credit Suisse Securities (USA) LLC, finding in pertinent part that: (i) Pharos unjustifiably relied on Credit Suisse's representations in light of the parties'

"big boy agreement" in which Pharos eschews reliance on Credit Suisse in favor of its own due diligence, and (ii) Pharos failed to present evidence of a predicate violation of Ohio securities law to support its secondary liability claim against Credit Suisse. After carefully reviewing the record, the applicable law, the parties' briefs, and having had the benefit of oral argument, we find that the district court's opinion diligently and correctly sets out the undisputed facts and the governing law.

During oral argument, Pharos defended its failure to designate evidence supporting the secondary liability claim by denying that Credit Suisse's motion for summary judgment challenged its reliance on National Century's Private Placement Memorandum (PPM). The record reveals otherwise. (Appellee App. vol. 1 at 11175, CS Summ. J. Br. at 90 ("As a threshold matter, Pharos has not established a primary violation of Section 1707.41, as required to recover under Section 1707.43. For example, Pharos has not identified a single false statement in the PPM that it reasonably relied on to support its claim.").) Pharos makes much of the fact that Credit Suisse's motion brief states that "Pharos admits it reviewed and relied on the PPM in connection with its investment decision." (*Id.* at 11109–10, Br. at 24–25.) But, as the district court noted, this generic statement of *Pharos's* legal position concedes nothing in terms of justifiable reliance.

The district court thoroughly reviewed the record for evidence that Pharos reasonably relied on material misstatements appearing in the PPM, finding nothing more than a handful of vague assertions of reliance on the PPM. Indeed, the court granted Pharos more review than its proffer required. *See, e.g.*, *Wimbush v. Wyeth*, 619 F.3d 632, 638 n.4 (6th Cir. 2010) ("[I]t was [the

non-movant's] job to point to the evidence with specificity and particularity in the relevant brief rather than just dropping a pile of paper on the district judge's desk and expecting him to sort it out."); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008) (explaining that the district court has no "duty to search the entire record to establish that it is bereft of a genuine issue of material fact" (quotation omitted)). We discern no error with its judgment that Pharos failed to present evidence demonstrating justifiable reliance. *See Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992) ("[I]f the non-moving party fails to discharge [the summary judgment] burden—for example, by remaining silent—its opportunity is waived and its case wagered.").

Pharos attempts to remedy this evidentiary shortcoming on appeal, pointing to deposition testimony from its managing partners stating that it relied on the PPM's performance forecasts and its failure to disclose National Century's asset-shifting practices. But even if we were to accept these forfeited statements of reliance as properly before us, they suffer from the same lack of particularity as those discovered by the district court.

Finally, the district court correctly held that Pharos could not justifiably rely on any statement by Credit Suisse because Pharos was a sophisticated investor, had substantial adverse information about National Century, and, most critically, signed an agreement disclaiming reliance on any statement by Credit Suisse. On appeal, Pharos argues that Credit Suisse had knowledge of material information about National Century's fraud that outside investors—like Pharos—could not discover. Even assuming that this scenario could make Pharos's reliance justifiable, Pharos has not

demonstrated that any material information was truly unavailable to a sophisticated investor like Pharos.

Because this court's issuance of a full opinion would be duplicative and serve no jurisprudential purpose, we AFFIRM for the reasons stated in the district court's well-reasoned opinion and order of October 26, 2012.