NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0589n.06
No. 19-5228

**FILED**
Dec 04, 2019
DEBORAH S. HUNT, Clerk

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DARLENE TURNER-MEADOWS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| GENERAL MOTORS, LLC, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:     ROGERS, STRANCH, and THAPAR, Circuit Judges.

ROGERS, Circuit Judge. Darlene Turner-Meadows appeals the district court's judgment granting defendant General Motors' motion for summary judgment. Turner-Meadows suffered a shoulder injury while working at General Motors' plant in Memphis, Tennessee. She applied for and received workers' compensation benefits. After missing more than a year of work, she reapplied for workers' compensation benefits and was terminated shortly thereafter. Turner-Meadows sued General Motors for workers' compensation retaliation under Tennessee law. The district court granted summary judgment for General Motors, explaining that Turner-Meadows had failed to argue that workers' compensation benefits were a factor in causing her termination. Absent such a causal connection, plaintiff could not establish a prima facie case of workers' compensation retaliation.

Having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment in favor of the defendant employer. The plaintiff on appeal merely repeats the argument she made below that her *injury and work restrictions* were the motivating factors behind General Motors' decision to terminate her, and makes no contention that *workers' compensation benefits* were a factor in the employer's motivation to terminate her. Because the district court fully articulated the reasons why judgment should be entered for General Motors, a detailed opinion by this court would be duplicative and serve no useful purpose. Accordingly, we adopt the analysis and conclusions of the district court and affirm on the basis of its February 27, 2019 opinion (included in the appendix below).

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| DARLENE TURNER-MEADOWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:17-cv-02907-JPM-cgc |
| v. | ) | |
| | ) | |
| | ) | |
| GENERAL MOTORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING SUMMARY JUDGMENT**

Before the Court is Defendant General Motors, LLC ("General Motors")'s Motion for Summary Judgment filed November 29, 2018. (ECF No. 34.) General Motors seeks summary judgment that Plaintiff cannot make out a prima facie case for retaliatory discharge. (Memo in Support of Mot. for Summ. J., ECF No. 34-1 at PageID 95.) For the below reasons Defendant's Motion for Summary Judgment is GRANTED.

**I.   BACKGROUND**

**A.  Undisputed Facts**

The facts below are undisputed based on Plaintiff's Response to Defendant's Statement of Material Facts. (ECF No. 36-4.) Quoted language comes from the Defendant's Statement of Material Facts. (ECF No. 34-2.)

- "Plaintiff, Darlene Turner-Meadows, at all times relevant to her Complaint, worked at the Memphis location of General Motors ('GM') as a Walk Picker. See Complaint, ¶3. The duties of this position involved walking the GM plant to pull auto parts from the shelves which were required to fulfill customer orders." (Response, ECF No. 36-4 at ¶ 1.)

- "Throughout her employment with GM, Plaintiff had various injuries and workers' compensation claims." (Id. at ¶ 2.)

- "GM's practice is for injured employees to first visit the on-site nurse in the Plant Medical department. The nurse will then examine the employee and, if the employee requires further medical attention, the nurse will refer the employee to a panel of physicians." (Id. at ¶ 3.)

- "Once the employee is examined by a panel physician, the employee is expected to return to Plant Medical with a medical certification which indicates the employee's work status and what physical restrictions, if any, the employee has." (Id. at ¶ 4.)

- "GM has a program titled 'ADAPT' through which employees with physical restrictions meet with the Personnel Director and Benefits Director to review work restrictions recommended by the employee's physician and to determine whether work is available for the employee which meets those restrictions." (Id. at ¶ 6.)

- "If the ADAPT review determines that no work is available for the employee which meets her restrictions, the employee is placed on leave." (Id. at ¶ 7.)

- "As part of the leave process, Plant Medical will send Sedgwick, GM's third-party benefits administrator, notification that GM is unable to provide the employee with work within her restrictions through a 'NJAWR' form (No Job Available Within Restrictions)." (Id. at ¶ 8.)

- "When she suffered the injury, Plaintiff went to Plant Medical and met with on-site nurse Pamela Elder, R.N. (formerly Pamela Ewing)." (Id. at ¶ 14.)

- "Elder assessed Turner-Meadows' injury on March 3, 2016 and referred her to panel physician Dr. Christopher Pokabla with Memphis Orthopedic Group." (Id. at ¶ 15.)

- "Turner-Meadows saw Dr. Pokabla and returned the next day on March 4, 2016 with a medical certification which placed her on a work restriction of no overhead work and no lifting greater than five pounds." (Id. at ¶ 16.)

- "Turner-Meadows went through the ADAPT process that same day while she was at the plant and it was determined that no work was available that met those restrictions." (Id. at ¶ 17.)

- "Turner-Meadows was therefore placed on a medical leave and instructed to contact Sedgwick, GM's benefits provider, to begin her benefits payments." (Id. at ¶ 18.)

- "Nurse Elder submitted a NJAWR form to Sedgwick to notify the provider that GM did not have work available that fit Turner-Meadows' restrictions." (Id. at ¶ 20.)

- After Turner-Meadows' surgery "the off-work restrictions were reported to the plant medical directly from the doctor's office." (Id. at ¶ 22 (quoting Pl.'s Response to Def.'s Undisputed Facts, ECF No. 36-4).)

- "Turner Meadows returned to Dr. Pokabla on May 25, 2017 for a post-operative assessment and received a medical certification that allowed her to return to work on May 30, 2017, this time with a ten-pound lifting restriction and no overhead work." (Id. at ¶ 24.)

- "On June 7, 2017, Nurse Elder emailed [GM Personnel Director Rochelle Jackson] to inform her that Turner-Meadows had not attempted to clear for work in weeks, and that she had not received notice of a return to work date from Turner-Meadows since her shoulder surgery." (Id. at ¶ 29.)

- "Prior to her March 2016 injury, Plaintiff had other injuries which resulted in her receipt of workers' compensation benefits and an extended leave of absence." (Id. at ¶ 31.)

### B. Procedural Background

The Notice of Removal was filed on December 15, 2017. (ECF No. 1.) General Motors filed its answer on December 21, 2017. (ECF No. 8.) General Motors' Motion for Summary Judgment was filed on November 29, 2018. (ECF No. 34.) Plaintiff responded on December 28, 2018. (ECF No. 36.) Defendant replied on January 11, 2019. (ECF No. 37.)

## II.   LEGAL STANDARD

### A. Summary Judgment

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [a] court construes all reasonable inferences in favor of the nonmoving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of

material fact." Mosholder, 679 F.3d at 448-49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

To "show that a fact is, or is not, genuinely disputed," both parties must "cit[e] to particular parts of materials in the record," which show "that the materials cited do not establish the absence or presence of a genuine dispute" or "that an adverse party cannot produce admissible evidence to support the fact." Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting Celotex, 477 U.S. at 325). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251-52). Summary judgment "'shall be entered' against the nonmoving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" Rachells v. Cingular Wireless Employee Services, LLC, No. 1:08CV02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

## B.  Retaliatory Discharge

Tennessee recognizes a cause of action for retaliatory discharge following an employee's claim for workers' compensation. See e.g., Clanton v. Cain-Sloan Co., 677 S.W.2d 441, 444 (Tenn. 1984). "[T]he following elements are found to establish a cause of action for discharge in retaliation for asserting a workers' compensation claim: (1) The plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment." Anderson v. Standard Register Co., 857 S.W.2d 555, 558 (Tenn. 1993).

In order to meet the substantial factor requirement, a plaintiff must show either direct or "compelling circumstantial evidence" of a causal connection between the workers' compensation claim and the termination, not just the fact that the latter followed the former. Frizzell v. Mohawk Indus., No. M2004-01598-COA-R3-CV, 2006 Tenn. App. LEXIS 321, at *10 (Tenn. Ct. App. May 15, 2006) (citing Thomason v. Better-Bilt Aluminum Prods., Inc., 831 S.W.2d 291, 293 (Tenn. Ct. App. 1992)). As courts have emphasized the cause of action for

6

retaliatory discharge is "a narrow exception to the employment at will doctrine" and the evidence of causation must be compelling. Abraham v. Cumberland-Swan, Inc., No. 01A01-9201-CH-00032, 1992 Tenn. App. LEXIS 739, at *9, *16 (Tenn. Ct. App. Aug. 28, 1992). As such, courts have consistently held that temporal proximity between the claim and the termination is not by itself sufficient. Id.; Conatser v. Clarksville Coca-Cola Bottling Co., 920 S.W.2d 646, 648 (Tenn. 1995) (holding that the fact that plaintiff was fired three weeks after receiving workers' compensation was not sufficient evidence of a causal relationship).

While not alone sufficient, "temporal proximity plus other circumstantial evidence of causation" can support a prima facie case for retaliation. Craig v. Porter Cable/Delta, No. 1:05-1018-T-An, 2006 U.S. Dist. LEXIS 21790, at *25 (W.D. Tenn. Apr. 17, 2006). In Newcomb v. Kohler Co., the court set forth a variety of factors that, together with temporal proximity, could present sufficient circumstantial evidence of causation, including "the expression of a negative attitude by the employer toward an employee's injury, the employer's failure to adhere to established company policy, discriminatory treatment when compared to similarly situated employees, [or] sudden and marked changes in an employee's performance evaluations after a workers' compensation claim." 222 S.W.3d 368, 391 (Tenn. Ct. App. 2006) (citing Flint Constr. Co. v. Hall, 904 So. 2d 236, 248 (Ala. 2004)).

## III.   ANALYSIS

General Motors argues that "Plaintiff is unable to establish the fourth element of the prima facie case." (Mot. for Summ. J., ECF No. 34-1 at PageID 95.) General Motors argues that Turner-Meadows' "termination was entirely based upon her failure to present her May 2017 medical certification to GM's Plant Medical department so that an ADAPT review could be

conducted as to her new medical restrictions once she was released to return to work on May 30, 2017." (Id. at PageID 97.)

Plaintiff argues that Turner-Meadows "can demonstrate that her work injury and restrictions were a substantial factor in her being terminated from GM." (Response, ECF No. 36-1 at PageID 294.) Even if her work injury and restrictions were a substantial factor in her being terminated, that does not establish that "the claim for workers' compensation benefits was a substantial factor." Anderson, 857 S.W.2d at 558. Plaintiff claims that "a question of fact exists as to whether or not Mrs. Turner-Meadows was terminated based on her continued need for restrictions as opposed to her failure to return to work." (Response, ECF No. 36-1 at PageID 295.) If that question of fact were resolved as Plaintiff argues it should be, it would not address the fourth requirement specific to workers' compensation benefits. Anderson, 857 S.W.2d at 558. Plaintiff offers no evidence to suggest that Turner-Meadows' workers' compensation activity was considered when she was terminated.

A claim for workers' compensation retaliation requires evidence of a retaliatory motive based upon Plaintiff's receipt of workers' compensation benefits, not of an employer's unwillingness to accommodate physical restrictions. See Anderson, 857 S.W.2d at 558. Plaintiff has offered no evidence to suggest that Jackson, who terminated Plaintiff, had a retaliatory intent or that she had any issue with Plaintiff's receipt of workers' compensation benefits. Plaintiff does not address any of the Newcomb factors to show causation through temporal proximity. As a matter a law, no reasonable jury could rely on the evidence Plaintiff cites in its response and conclude that the fourth factor was met.

Because Plaintiffs' claims cannot survive summary judgment based on the fourth factor, the Court does not need to analyze whether Plaintiff identified evidence to show General Motors' stated reason for termination was pretextual.

## IV.  CONCLUSION

Plaintiff has not directed the Court to evidence that, if believed, would allow a jury to find Plaintiff met the fourth factor of retaliatory discharge based on workers' compensation benefits. Defendant's Motion for Summary Judgment is, therefore, GRANTED.

**IT IS SO ORDERED**, this 27th day of February, 2019.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE